**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WEIGEL BROADCASTING CO., | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 236 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| FEDERAL COMMUNICATIONS COMMISSION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has sued defendant pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of documents relating to plaintiff's applications to transfer its licenses to three televisions stations. The case is before the Court on the parties' cross-motions for summary judgment. For the reasons set forth below, the Court grants in part and denies in part the FCC's motion and denies plaintiff's motion.

**Facts**

On July 31, 2008, plaintiff agreed to sell three low-power television stations in South Bend Indiana to WSBT, Inc. (Compl. ¶ 7.) On August 18, 2008, plaintiff filed applications with the FCC to assign the licenses to these stations to WSBT. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 2.) On September 25, 2008, the FCC granted plaintiff's application with respect to one of the stations but did not rule on the two other applications. (*Id.* ¶ 4.) On May 20, 2009, plaintiff asked the FCC to expedite its consideration of the other applications. (*Id.* ¶ 5.) On September 3, 2009, WSBT told the FCC that

its agreement with plaintiff had terminated and asked that the applications be dismissed. (*Id.* ¶ 6.) On September 15, 2009, the FCC dismissed the two remaining applications. (*Id.* ¶ 8.)

On May 7, 2010, plaintiff made a FOIA request for the following records relating to its applications:

> 1. The review, study, analysis, consideration, investigation, and evaluation of the applications by the Commission.
>
> 2. The date on which the Commission performed any activities in connection with its review, study, analysis, consideration, investigation, and evaluation of the applications.
>
> 3. The intention or plan of, or any understanding, proposal, or recommendation by, the Commission or any constituent Bureau, office or employee of the Commission, to grant, deny, not act or delay ruling on the applications on or before the July 31, 2009 deadline contained in Weigel Broadcasting's contract for the sale of the stations, including, without limitation, any draft decision or ruling regarding the applications.
>
> 4. The review, study, analysis, consideration, investigation, and evaluation by the Commission of Weigel Broadcasting's motion for expedited procession which it filed with the Commission on May 20, 2009.
>
> 5. The date on which the Commission performed any activities in connection with its review, study, analysis, consideration, investigation, and evaluation of Weigel Broadcasting's motion for expedited processing which it filed with the Commission on May 20, 2009.
>
> 6. The intention or plan of the Commission, or any understanding, proposal or recommendation by the Commission, or any constituent Bureau, office or employee of the Commission, to grant, deny, not act or delay ruling on Weigel Broadcasting's motion for expedited processing which it filed with the Commission on May 20, 2008, including, without limitation, any draft decision or ruling regarding the motion.
>
> 7. The review, study, analysis, consideration, investigation, and evaluation by the Commission of Weigel Broadcasting's requests to rule on its applications on or before the July 31, 2009 deadline that was contained in Weigel Broadcasting's contract for the sale of the stations, which it made on numerous occasions during May through July, 2009.

> 8. The date on which the Commission performed any activities in connection with its review, study, analysis, consideration, investigation, and evaluation of Weigel Broadcasting's requests to rule on its applications on or before the July 31, 2009 deadline that was contained in Weigel Broadcasting's contract for the sale of the stations, which it made on numerous occasions during May through July, 2009.
>
> 9. The intention or plan of the Commission, or any understanding, proposal or recommendation by, the Commission or any constituent Bureau, office or employee of the Commission, to grant, deny, not act or delay ruling on Weigel Broadcasting's requests to rule on its applications on or before the July 31, 2009 deadline that was contained in Weigel Broadcasting's contract for the sale of the stations, which it made on numerous occasions during May through July, 2009, including, without limitation, any draft decision or ruling regarding the applications.
>
> 10. The Commission's interpretation, application, enforcement and non-enforcement of multiple ownership rules in connection with the ownership of low power television stations.
>
> 11. The Commission's interpretation and implementation of its duty to act in the public interest in connection with the ownership of low power television stations.
>
> 12. The Commission's granting, rejection or failure to timely act on any applications for the issuance or transfer of licenses of low power television stations.

(*Id.* ¶ 11.)

The FCC said the documents responsive to these requests were exempt from production under FOIA. (*Id.* ¶¶ 14-26.) Plaintiff alleges that the FCC has wrongfully withheld these documents and asks the Court to order that they be produced.

## **Discussion**

"FOIA requires a federal agency upon request to disclose records in its possession," subject to certain exemptions. *Enviro Tech Int'l., Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004). "The [agency] bears the burden of proving by a preponderance of the evidence that a withheld document falls within one of the exemptions." *Id.* "Affidavits or declarations supplying facts

indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain [that] burden. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (footnote omitted).

Among the documents FOIA exempts from disclosure are those subject to the deliberative process or attorney-client privileges. *NLRB v. Sears, Roebuck &Co.*, 421 U.S. 132, 148-49 (1975); *see* § 552(b)(5) ("Exemption 5") (stating that intra-agency memorandums or letters that a private party could not discover in litigation with the agency are exempt). A document is subject to the deliberative process privilege if it reflects agency discussions that occurred before a policy was adopted and relate to the policymaking process. *Enviro Tech*, 371 F.3d at 375. A document is subject to the attorney-client privilege if it reflects communications between an agency and an attorney that occurred in the course of providing or obtaining legal advice on the ramifications of an agency's actions. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977).

Initially, the FCC identified thirty-two responsive documents that it claimed were exempt from disclosure. As set forth below, the FCC recently agreed to produce documents 27 and 28 and parts of documents 25, 26 and 30, but it maintains that the remaining documents are exempt:

| # | Pages | Description | Exemption |
|---|-------|-------------|-----------|
| 1 | 5 | Draft decision concerning Weigel's applications, prepared by [FCC] staff attorney, dated January 8, 2009. | 5 |
| 2 | 5 | Draft decision with redline edits concerning Weigel's applications, prepared by [FCC] staff attorney, dated February 5, 2009. | 5 |
| 3 | 5 | Draft decision concerning Weigel's applications, prepared by [FCC] staff attorney, dated February 5, 2009. | 5 |

4

| 4 | 5 | Draft decision with redline edits concerning Weigel's applications, prepared by [FCC] staff attorney, dated February 5, 2009. | 5 |
|---|---|---|---|
| 5 | 5 | Draft decision concerning Weigel's applications, prepared by [FCC] staff attorney, dated June 2, 2009. | 5 |
| 6 | 5 | Draft decision with redline edits concerning Weigel's applications, prepared by [FCC] staff attorney, dated July 28, 2009. | 5 |
| 7 | 5 | Draft decision concerning Weigel's applications, prepared by [FCC] staff attorney, dated July 28, 2009. | 5 |
| 8 | 5 | Draft decision with redline edits concerning Weigel's applications, prepared by [FCC] staff attorney, dated July 28, 2009. | 5 |
| 9 | 5 | Draft decision concerning Weigel's applications, prepared by [FCC] staff attorney, dated July 29, 2009. | 5 |
| 10 | 4 | Draft letter concerning Weigel's applications, prepared by [FCC] staff attorney, dated July 30, 2009. | 5 |
| 11 | 4 | Draft letter concerning Weigel's applications, prepared by [FCC] staff attorney, dated July 30, 2009. | 5 |
| 12 | 6 | Draft order concerning Weigel's applications and the petition to deny, prepared by [FCC] staff attorney, dated July 31, 2009. | 5 |
| 13 | 6 | Draft order concerning Weigel's applications, prepared by [FCC] staff attorney, dated July 31, 2009. | 5 |
| 14 | 7 | Draft order concerning Weigel's applications, prepared by [FCC] staff attorney, with redline edits, dated July 31, 2009. | 5 |
| 15 | 3 | Draft internal memorandum from unnamed individual(s) to Robert Ratcliffe, dated July 29, 2009, subject "Proposed Acquisition of 3 Low-Power Stations in South Bend," discussing possible alternatives with respect to the disposition of Weigel's pending applications. | 5 |
| 16 | 3 | Draft internal memorandum from Robert Ratcliffe to Sherrese Smith, Dated July 30, 2009, subject "Weigel-Schurz Sale of 3 Low-Power Stations in South Bend," discussing possible alternatives with respect to the disposition of Weigel's pending applications. | 5 |

| 17 | 3 | Internal memorandum from Robert Ratcliffe to Sherrese Smith, Dated July 30, 2009, subject "Proposed Acquisition of 3 Low-Power Stations in South Bend, IN," discussing possible alternatives with respect to the disposition of Weigel's pending applications. | 5 |
|---|---|---|---|
| 18 | 3 | E-mail from Jessica Almond to Jessica Almond, Barbara Kreisman, Mary Fitzgerald, Robert Ratcliffe, Deanne Erwin, David Brown, and Thomas Horan, dated July 31, 2009, subject "RE: Draft South Bend HDO," discussing internal FCC procedures regarding possible alternatives with respect to the disposition of Weigel's pending applications. | 5 |
| 19 | 3 | E-mail from Jessica Almond to Barbara Kreisman, Mary Fitzgerald, Robert Ratcliffe, Deanne Erwin, David Brown, and Thomas Horan, dated July 31, 2009, subject "RE: Draft South Bend HDO," discussing internal FCC procedures regarding possible alternatives with respect to the disposition of Weigel's pending applications. | 5 |
| 20 | 2 | E-mail from Jessica Almond to Robert Ratcliffe, Barbara Kreisman, Deanne Erwin, David Brown, and Thomas Horan, dated July 31, 2009, subject "RE: Draft South Bend HDO," discussing internal Commission procedures regarding alternative remedies with respect to the disposition of Weigel's pending applications. | 5 |
| 21 | 2 | E-mail from Jessica Almond to Robert Ratcliffe, Barbara Kreisman, Deanne Erwin, David Brown, and Thomas Horan, dated July 31, 2009, subject "RE: Draft South Bend HDO," discussing internal FCC procedures regarding possible alternatives with respect to the disposition of Weigel's pending applications. | 5 |
| 22 | 2 | E-mail from Lori Maarbjerg to Barbara Kreisman, dated July 14, 2009, subject "RE: Assignment Application Status," discussing possible FCC response to Congressional inquiry concerning status of FCC review of Weigel's applications. | 5 |
| 23 | 2 | E-mail from Barbara Kreisman to Lori Maarbjerg, dated July 14, 2009, subject "RE: Assignment Application Status," discussing possible FCC response to Congressional inquiry concerning status of FCC review of Weigel's applications. | 5 |
| 24 | 1 | E-mail from Barbara Kreisman to David Brown, dated July 14, 2009, subject "FW: Assignment Application Status," discussing | 5 |

|  |  | possible FCC response to Congressional inquiry concerning status of FCC review of Weigel's applications. |  |
|---|---|---|---|
| 25 | 1 | E-mail from David Brown to Barbara Kreisman, dated July 2, 2009, subject "FW: South Bend Low Power Applications," with draft decision attached. [The FCC has or will produce the e-mail (but not the attachment).] | 5 |
| 26 | 1 | E-mail from David Brown to Robert Ratcliffe, dated June 2, 2009, subject "South Bend Low Power Applications," with draft decision attached. [The FCC has or will produce the e-mail (but not the attachment).] | 5 |
| 27 | 2 | E-mail from Barbara Kreisman to David Brown, dated June 1, 2009, subject "FW: Request for Meeting re Weigel Broadcasting LPTV Assignment Applications," with attached Motion for Expedited Processing filed by Weigel. [The FCC has or will produce this document.] | 5 |
| 28 | 1 | E-Mail from William Freedman to David Brown, dated May 20, 2009, subject "FW: Filing today in Weigel Broadcasting South Bend Assignment Matter," forwarding attached Motion for Expedited Processing filed by Weigel. [The FCC has or will produce this document.] | 5 |
| 29 | 1 | E-mail from Barbara Kreisman to David Brown, dated April 17, 2009, subject "RE: Bob's Questions Regarding South Bend Low Power Letter," discussing staff questions from meeting regarding Weigel's applications. | 5 |
| 30 | 1 | E-mail from David Brown to Barbara Kreisman, dated April 9, 2009, subject "Weigel South Bend LPTV Letter," with draft decision attached. [The FCC has or will produce the e-mail (but not the attachment).] | 5 |
| 31 | 1 | E-mail from David Brown to Mary Fitzgerald and Barbara Kreisman, dated April 9, 2009, subject "RE: Weigel South Bend, IN LPTV Letter," discussing FCC review of Weigel's applications with draft letter concerning Weigel's applications attached. | 5 |
| 32 | 1 | E-mail from Mary Fitzgerald to David Brown, dated April 8, 2009, subject "RE: Weigel South Bend, IN LPTV Letter," discussing internal matters regarding the draft letter concerning Weigel's applications. | 5 |

Plaintiff contends that these descriptions are either too vague to permit a privilege determination or affirmatively establish that no privilege applies.

For the most part, the Court disagrees. Documents 1-9, 12-26 and 29-30 are draft decisions and orders on plaintiff's applications, internal memoranda and emails discussing the agency's possible decisions on the applications, its procedures with respect to the possible decisions and its response to an inquiry about the status of the review. It is clear from the descriptions and dates of these documents that they reflect internal agency discussions about what action, if any, to take on plaintiff's applications that occurred before the applications were withdrawn in September 2009. Thus, they are subject to the deliberative process privilege. *Enviro Tech.*, 371 F.3d at 375 (stating that documents predating public release of a proposed rule that "reflect [an agency's] internal dialogue . . . regarding the proposals, suggestions, recommendations, and early draft versions of the proposed rule" were subject to the deliberative process privilege); *King v. I.R.S.*, 684 F.2d 517, 519-20 (7th Cir. 1982) (holding that a draft technical memorandum that "was drafted by an IRS subordinate to assist agency decisionmakers in deciding whether to issue an agency explanation" of a Treasury regulation" was subject to the deliberative process privilege even though an official explanation was never issued); *see Sears*, 421 U.S. at 151 n.18 (stating that "the existence of the [deliberative process] privilege [does not] turn[] on the ability of an agency to identify a specific decision in connection with which a memorandum is prepared" because agencies "will generate memoranda containing recommendations which do not ripen into agency decisions"). Thus, the Court holds that these documents are subject to FOIA Exemption 5.

The descriptions of documents 10 and 11, however, are too vague for the Court to determine if any privilege applies. Thus, the Court will conduct an *in camera* review of these documents to ascertain whether they were properly withheld.

## **Conclusion**

For the reasons set forth above, the Court grants in part and denies in part the FCC's motion for summary judgment [19] and denies plaintiff's motion for summary judgment [22]. The Court orders the FCC to produce documents 10 and 11 to the Court for *in camera* review within fourteen days of the date of this order. Thereafter, the Court will issue a ruling by mail with respect to those documents.

**SO ORDERED.**                                          **ENTERED: February 17, 2012**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**